# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOSLYN J. LAMADRID, BAR NO. 9093.

No. 69548

FILED

MAR 25 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Joslyn LaMadrid. Under the agreement, LaMadrid admitted to violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal); RPC 4.1 (truthfulness in statements to others), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct) and single violations of RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.4 (professional independence of a lawyer), and RPC 7.1 (communications concerning a lawyer's services).

The agreement provides for an 18-month suspension to be served concurrently with the 1-year suspension previously imposed by this

16-09493

court in Docket No. 61137. The concurrent suspensions will not commence until LaMadrid resolves her CLE suspension imposed in Docket No. 58961. Additionally, the agreement requires that LaMadrid pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, and that she demonstrate her continued sobriety during the pendency of her suspension before being reinstated to the practice of law.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, LaMadrid's mental state (knowledge but not intent), the potential or actual injury caused by her misconduct, and the aggravating and mitigating circumstances, we conclude that the 18-month concurrent suspension is sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline); *see also* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* Standard 4.41 (2015). In particular, LaMadrid's efforts to gain her sobriety and to maintain that sobriety over a three-year period convince us that the agreed-upon discipline provides sufficient additional time to ensure that she is rehabilitated and can remain clean and sober while managing the stress of practicing law.

We hereby impose an 18-month suspension to be served concurrently with the 1-year suspension imposed in Docket No. 61137. The concurrent disciplinary suspensions shall not commence until LaMadrid resolves her administrative suspension. Additionally,

LaMadrid shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Douglas

_____, J.          _____, J.
Cherry                               Gibbons

SAITTA, J. and PICKERING, JJ., dissenting:

We dissent.

_____, J.
Saitta

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
       Joslyn J. LaMadrid
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Officer, United States Supreme Court